Good morning, please. 19-2751 from the Western District of Missouri, Derek Luebbert v. Global Control Systems. Mr. Wemble. Mr. Wemble. Hello, Judge. You may proceed. Everybody. Can you hear me okay? Yes, you may proceed. Thank you, Judge. I'm Michael Wemble, and I represent Appellant Derek Francis Luebbert. Now, in this case, the appellant lacked the requisite intent to cause injury under 523A6 of the U.S. Bankruptcy Code, and it was a reversible error for the District Court to hold otherwise. Now, recall the debted issue in this appeal stems from a simple breach of contract claim, and breach of contract damages are not the type of injury addressed by the Willful and Malicious Injury Standard under 523A6 unless those damages are accompanied by an intentional tort that meets the requirements for willful and malicious conduct. And as the Supreme Court stated and explained in its Geiger opinion, not all intentional torts will meet the requisite standards under 523A6 because some tortious conduct under state law can be shown without proof that the defendant actually intended the injury sustained. Thus, for purposes of 523A6, debts are distinguished from intentionally inflicted tort injuries. Now, distinction is important because here what the District Court did is it likened debtor's conduct to the tort of conversion, and when you look under Missouri law, the tort of conversion does not include as an element the intent to cause injury. And further, it is briefed by appellant. The tort that typically arises from a breach of contract claim is breach of fiduciary duty, and even under that type of claim, which wasn't proven in this case, intent to injure is not a requisite element for breach of fiduciary duty. Counselor, are you aware that in Missouri there can be punitive damages for breach of contract? It can arise, yes, Judge, and it didn't here. And I'm getting an echo. Is that me? I can turn my volume down. No, no, no, no. That wasn't criticism. I was afraid it was me. It wasn't. But anyhow, not to worry. My point is simply, you weren't aware of that? I am aware of that, Judge, but we don't get to that absent showing some type of breach of fiduciary duty or tortious conduct. Okay, so then it goes to the facts of the case, correct? Well, it does, yes, but here it's important to know that the district court, like the bankruptcy court, likened the tortious conduct to the tort of conversion. Right, but you hear me. The bankruptcy court held a long hearing and made a long series of findings. The district court can find that actually happened in this case, right? Yes, it did. It held that there was a tort of conversion. In the district court's mind, that satisfied the willful, in particular, requirement under 523A6. But it's important to show, Judge, that that willful requirement does require specific intent to cause injury. And the Seventh Circuit actually analyzed this very issue in the Horsfall opinion I cited. And in that case, you had a creditor with an underlying judgment for conversion that then sought to use collateral estoppel to show it had already met the issues for willful and malicious conduct. Seventh Circuit refused to apply collateral estoppel to that specific tort. And in that case, they were looking at Wisconsin state law. And the reason for that is because under Wisconsin state law, like Missouri state law, the tort of conversion does not include an intent to cause harm. And so what Horsfall said with the Seventh Circuit was you can't get to willfulness on that tort. And so if you have a district court judgment as we have here, where they've hung their hat on the tort of conversion, you can't ever get to willful because they're using Missouri state law and there's no intent to cause injury as an element under Missouri's conversion standard, Judge. And really, to hold otherwise, it's an impermissible expansion of what should be the limits on 52386 because, again, the Supreme Court even said it's not all intentional torts that can be included. It's only intentional torts where there's a requisite intent to cause injury. And I would note... Counsel, the requirement of willful and malicious, can you meet those without having an intentional tort? Based on the Supreme Court's mandate, I would argue no. Now, I will note in the Fifth Circuit, and there appears to be a split within that circuit, it appears there's one case that holds just a simple intentional breach of contract can be a basis for finding willful and malicious conduct under 52386 with nothing more. But I'll tell you, the Seventh Circuit has cited in Horsefall, and the Ninth Circuit and Sixth Circuit all require some additional intentional tortious conduct to be included. Isn't it conceivable that you could have someone engage in very willful activity contrary to contractual obligations and do so with a malicious intent? Not just an economic intent, but an intent to deprive the other person of entitlement to not just the benefits of a contract, but perhaps damage them in ways beyond the contractual context? It's possible, but we have to be careful under 52386 because willful and malicious are two separate standards. And so you have to show not only is there an injury, but it was caused through willful and malicious conduct. And even if the evidence suggests there's malicious conduct, if you can't show an intent to cause injury, you don't satisfy willful and therefore the claim fails. And so by relying on this tort of conversion where it doesn't include an intent to injure, there's a risk of impermissibly expanding the scope of 52386, which really flies against two maxims when you're dealing with the bankruptcy code, and one in particular with 52386 is the courts are to construe exceptions to discharge narrowly in favor of the debtor. And then secondly, the bankruptcy code favors granting debtors a fresh start. And so by impermissibly allowing a tort where there's no scienter, there's no intent to cause injury as a requisite element, by relying on that, you never get to willful under 52386. And so it was clear error for the district court and the bankruptcy court before that to determine that the debt was non-dischargeable due to tortious activity that sounded in conversion under Missouri law. And there's no question that Missouri law applied. If you recall, the breach of contract judgment at issue in this case stemmed from a federal diversity case that was seated in the Western District of Missouri. And so there's no dispute that it's Missouri law that applies on the issues of what torts apply and what those elements are and really going into our second issue, it also applies to whether collateral estoppel should have applied as to whether an injury occurred for purposes of 52386. And we've alleged that the court has erred there as well because elements one and four of Missouri standard for collateral estoppel are absent in this case because the breach of contract claim, the issues there were not identical to the claims raised in the 52386 action in the bankruptcy court. And further, there was no fair and full opportunity in that breach of contract case for the debtor to litigate whether breach of contract damages under Missouri law should equate to an injury under 52386. Counsel, in the Geiger case, we defined injury for the purposes of 52386 as an invasion of the legal rights of another. Doesn't that cover a breach of contract and enable the district court to apply collateral estoppel just on the issue of injury? It doesn't, because again, you have to read the Geiger case. While they do state that, they further state that not all breaches of contract would rise to that level in the absence of intentionally tortious conduct that also meets the 52386 standards. Didn't the court just apply collateral estoppel on the question of injury and then further address willful and malicious on the merits later on? It did, Judge. But it's our opinion that even to do that, because the issues were so different between the breach of contract claim versus the 52386 claim, that collateral estoppel should not have applied there because you have such different standards. On one hand, you're dealing with mere compensatory damages versus tortious damages. Getting back to the knowing breach of contract issue, in the Geiger opinion, they even state that what they admonished was that an interpretation of 52386 that included every traffic accident stemming from an initial intentional tort or knowing breach of contract would be far too expansive to the language chosen by Congress. And so I think you have to read that carefully. And that suggests strongly that you also have to have that not just intentionally tortious conduct, but to meet 52386, it has to be conduct where, particularly for the willful prong of that claim, that conduct has to have an intent to cause injury. And you simply don't get to that under the tort claim of conversion, which is what we're dealing with here. And I would say it was a Pelley's burden to come up with any tort claims that it thought included intent to injure as a prime element and they just didn't do it by relying on conversion here. I mean, they made two passing references to conversion in their first amended complaint, which we've included in the appendix here, both stated in conclusory fashion, and didn't mention breach of fiduciary duty or any other type of tort claim that would have included that requisite intent. So based on that, again, the court committed error and we would ask that this court reverse the district court's opinion declaring this debt non-dischargeable. And I'll reserve my remaining time unless you have questions. I don't see any. Thank you, Mr. Wambull. Thank you. Mr. Luber? Yes, Your Honor. Can you hear me? Yes. Very good. I'm Jonathan Sternberg and I represent the Appley Global Control Systems. The court should affirm the bankruptcy court's judgment and he referred a couple times to the district court's judgment. This court, of course, is reviewing the bankruptcy court, not the district court. The court should affirm the bankruptcy court's judgment that Mr. Luber's $300,000 debt to my client is not dischargeable because it was for a willful and malicious injury. The bankruptcy court correctly held that he's collaterally stopped from contesting. He injured Global by breaching the parties settlement agreement which in turn was because of his original breach of the non-compete agreement. And there was more than sufficient evidence viewed in the light most favorably to Global that the injury was willful and that it was malicious as his intentional, furtive, bad faith. He uses basically an admission of his own bad faith on page 38 of his brief as that conduct shows. But I want to address very briefly at the outset the need of this and explain where opposing counsel just went wrong before the court. Before he can even contest any of this, he has to get over the hurdle that he's failed to give the court an adequate record for review of his claims. This is fatal to both of his arguments. Under the rules of both bankruptcy and appellate... Counsel, do you believe, let me interrupt you, do you believe the district court, excuse me, do you believe the bankruptcy court, I even said the wrong thing, do you believe the bankruptcy court made detailed and sufficient findings after a full hearing? I do. I absolutely do, Your Honor. Is that enough for us to review this case? Well, at that point the court would have to summarily affirm. And so the reason I bring this up is his issues, both of them, he concedes in his brief require a review of the record. He's alleging in his second issue that there was clear error on a question of facts. And in numerous cases that we cite on pages 33 and 34 of our brief this court has held that if you don't give the court a sufficient record you can't review those issues of fact. But, Counsel, isn't that, when we've done that, isn't it essentially when there's no record or there's very little to even base a decision on, why don't we have enough in the record before us to reach the issue that's been raised? Sure, Judge Smith, you cite... What's missing, what's missing that would prevent us from deciding the issue of the willfulness and maliciousness of the appellant's actions? Sure. To answer the first part of your question, Judge Smith, you joined a case in 2005, you didn't write it, but you were part of the panel called AgroOils, and that was where just a few exhibits were missing that were crucial to determine whether substantial evidence supported the judgment, whether there had been clear error, and the court affirmed simply on that basis. What's crucial missing from this record? I'm getting to that, thank you, Your Honor. What's missing that's crucial is 60 of the 116 exhibits, every single deposition designation, including 33 of which are his own testimony, Mr. Lubert's own testimony. He's basically excluded his own testimony, he's basically excluded a huge swath of testimony of other people that the bankruptcy court expressly said that she relied on. We recount on pages 35 and 36 of our brief a series of other exhibits, including correspondence between Mr. Lubert and ATK, which was the party who he breached the non-compete with, which were crucial to the findings. But I appreciate that the court, like the district court, may find that there was sufficient evidence in the record. I just think this is lacking. But under these circumstances, I don't think it's reviewable at all. But if the court agrees that it is reviewable, I will get to the meat of this. Judge Copas, you are correct, the bankruptcy court only used collateral estoppel to find injury. And you are also correct as to the definition that was given of injury in the Geiger case. It's interesting they rely on the Horsfell case from the 7th Circuit in 2013, because the Horsfell case also holds that injury is a violation of another's legal right for which the law provides a remedy. Basically the same thing this court said in the Geiger case. But in the Horsfell, the 7th Circuit correctly, as the other authorities we cite show, correctly held that willful and malicious modify injury. That's something the Supreme Court itself said in the Geiger case. Well, in Horsfell, the 7th Circuit held that simply having a state court judgment in favor of the creditor against the debtor satisfies injury. We also cite a case from the bankruptcy appellate panel of the 1st Circuit, Porcaro, that also held a breach of a contract non-dischargeable. An intentional, willful, malicious breach of a contract non-dischargeable. And they said that as to the issue of injury, just the issue of injury, clearly a breach of contract judgment from a state court, or here it was a federal district court sitting in diversity, that satisfies injury. So we have injury. And there's nothing wrong with what the bankruptcy court held. They don't cite any authority that holds that an injury can't be a breach of a contract and that you can't have collateral estoppel on that basis. Then we get to willful and malicious. And as your honors have already pointed out, that was done on the merits after a trial. There was a several day hearing. There's a detailed transcript, which is in the record, of that hearing and these detailed findings from Judge Norton in the bankruptcy court. Willful and malicious is not limited to intentional torts. Counsel, is there a circuit split on that very issue? I disagree that there's a circuit split on that issue. I thought Horsfall was on one side of it and I thought Kane and some other cases, the 11th Circuit, were on the other side. I thought all the commentators, the great bankruptcy commentators, believe that there is a circuit split. So, from now, there isn't. Sure, absolutely. So, Horsfall was not about a breach of contract. Horsfall was about a different tort. It was about the tortuous interference with the contract. Horsfall does not hold you cannot have a breach of a contract be an intentional willful and malicious injury. In fact, there is a 7th Circuit case about this. Hallahan, it's from 1991, 936 F. 2nd, 1496, we cited in our brief. In Hallahan, they held that a judgment for intentional breach of a non-compete agreement was a willful and malicious injury under 523 A. 6. The other side doesn't address that at all. That's the only 7th Circuit case that's actually about this. Then, there's subsequent 7th Circuit precedent from lower courts. The bankruptcy court for the Clark case in 2005, both of which we cite in our brief as well. Those hold that Butler is almost directly on point with this. It's a judgment for intentional breach of a non-compete with similar kind of lying furtive conduct that the debtor engaged in here. So, I don't agree at all that there's a circuit split on this. There isn't a single circuit that has held that as a matter of law you can't have this. They cite a case from the Northern District of Illinois called Pagan from 2017, but that's a trial level decision. There isn't any evidence. I, the district judge, find that there isn't sufficient evidence for that. Had they won here, that would have been the result. That's not what happened here. I thought the circuit split was whether it has to be a really intentional tort. I thought that's where the circuit split was. I disagree. There isn't a single case that holds you cannot, as a matter of law, has to be an intentional tort. Would you address the Geiger case, the 8th Circuit Geiger case as having an intentional tort? They likened it to an intentional tort. They didn't say you have to have an intentional tort itself because that wouldn't make any sense. In fact, in the hearing associates case, which is the only 8th Circuit decision directly addressing this kind of question, which is from the District of Minnesota, not the Bankruptcy District, but the actual District of Minnesota in 2008, reviewing this and reviewing 8th Circuit case law like in the Patch case and the Roussell case, both of which the District Court cited here, not the Bankruptcy Court, the District Court. But in the hearing associates, after reviewing all of this law, the District Judge held that even a breach of contract claim which contains no element of intent may be the result of some intentional act and therefore subject to a determination of whether findings or evidence demonstrate that it meets the willful and malicious requirements. Well, here, viewing the evidence in the light most favorable to my client, absolutely it met the standards for willful and malicious conduct. And to the extent we want to talk about whether this is like conversion or not, it most certainly is. I find it interesting that in their brief, they argued that in Missouri you can't have conversion of money. And then in our brief, I explained, well, you can when the money is in the form of checks. And he physically took checks that were supposed to go to my client. And that was part of the settlement agreement and the amendment, is that the checks would be in two names. They would be given by the client, the H-E-K, the company that he had this contract with. They'd be given by H-E-K to him. He was supposed to sign them, then send them to my client who would be able to put them in their own bank account and then remit half to them. Well, he didn't do that. He effectively stole the checks. And that's why Judge Norton and then Judge Phillips in district court both agreed that this is like conversion. So in our brief, we show that it's conspicuously absent from his reply brief. He says, well, there's no tort here. You can't show a tort. And then we show that, in fact, you actually can show that this conduct was tortious. And he has no response to that at all. Did you allege any tort? We didn't allege a tort claim itself, but we alleged that this was a willful and malicious injury, the breach of the contract was. And if you have to have a, it's not a claim for an intentional tort, but conduct that is tortious, this is most certainly tortious conduct. And we suspected the bankruptcy judge had the right to find that after hearing all the evidence. Regardless, though, what are the standards for willful and malicious from this court? The standards for willful is that it's intentional. You intended the conduct that you engaged in. The standard for malicious is that you knew when doing that it was substantially certain to cause injury and that it was in bad faith. I mean, this court has used bad faith several times. The Roussel case in 2016 uses that as a standard. He admits on page 38 of his brief that his conduct may well have been in bad faith. That's enough. So what you have in this conduct is more, as Judge Norton says in her detailed decision, this is more than just a simple breach of contract. This is someone who lies over and over again. He isn't... Did she use the word L-I-E, Mr. Sternberg? Did she use the word lie? She says he told falsehoods. I don't know that she actually uses the word lie. I'm characterizing it that way. Go ahead. Proceed. He wasn't truthful. I think she says that, that he wasn't truthful with his own client. No, proceed. He told his client that the change in the two-party checks, that is, his ability to not give my client the checks that they're supposed to possess, was due to a name change. Well, he knew at the time that this wasn't true and he admitted below that this wasn't true. That's on the record. He admits that there, too. In fact, he wasn't changing the name. He likewise was not truthful in the emails he sent to my client's CEO, which suggested he was still working in Global's best interests, when in fact, as he admitted, he decided to pursue purchase orders on his own. He continued this, even after my client had sued him in September 2013. There, he changes his company's name again, changes his address to some post office box so my client can't find him at all and an address my client's not aware of. And then he crosses out my client's name on checks that he received so his own bank would deposit them. The Bankruptcy Court properly held that all of these actions show he knew exactly what he was doing. He was willfully violating the settlement and intended to conceal his actions. And I think what's interesting, like in the Butler case from the Central District of Illinois just a few years ago, it's these very same kinds of actions, hiding a breach of a non-compete, let alone a settlement of a previous breach of a non-compete that was held to be willful. For maliciousness, he calculated in clandestine steps and what he now admits was bad faith. He had admitted below in his testimony at the trial that he was upset with my client, he believed he was not treated fairly and so you know what? He decided to get back at them. Well, that's the very definition of malice. He knew that his conduct was inexcusable and it resulted in an inevitable injury to my client. That's rueful and malicious conduct. And on pages 48 and 49 of our brief, we have a series of cases from all over the country, lots of different circuits, lots of different district courts that hold that similar things were intentional, that similar intentional violations of settlement agreements and non-compete agreements and circumstances, willful and malicious injuries. Before your time is completely gone, because this court in bank, our court in bank, was affirmed by the Supreme Court in Geiger. Because we were affirmed in bank, do you believe all of our Geiger in bank opinion is right or does the Supreme Court modify some of it even though it's affirming? I think the Supreme Court modifies it to explain that you have to have intentional conduct. Conduct can't be reckless. That's the point of the Geiger decision is to clarify, but I think on the whole that mostly agreed with this court's on bond decision. Let me ask you a tougher question. What do you point to in our Geiger in bank case that's no good? I don't point to anything in the Geiger on bank case that's no good. Okay, you don't think the Supreme Court in affirming limited anything we did, right? I don't think so, Your Honor, no. Okay. I think the Supreme Court clarified that recklessness can't be the standard, that intentional conduct has to be the standard. Some clarifications can be changing, but we won't pursue that. Your time's up. Fair enough. Thank you. We ask the court to affirm. Thank you, Mr. Sternberg. Mr. Womble, Gary Boe. Thank you, Judge. Again, on the issue of the record provided to the court, it was a complete trial transcript, copies of all pleadings and the underlying opinion from the bankruptcy court and district court were provided to this court, so there was full review of debtor's testimony and also a police testimony over the course of a two-day trial conducted before a judge in the bankruptcy court and as the district court held, that was a sufficient record for that court and I would offer for this court, too, to conduct a thorough review of the record. And again... Counsel, if that ever happens to you again, send those exhibits in. Yeah. But proceed with your argument. No extra charge for that. Go ahead. Save me some ink, that's for sure, Judge. Yeah. The issue here, again, is you really have to go back to Geiger and you have to look at it's not just breach of contract. It's the intentional tort where there's an element of both willful and malicious conduct and again, it was their discretion to proceed forward with the claim they did. They likened the conduct to conversion, so they're relying on Missouri State law on that issue and there's simply no element of intent involved in a Missouri conversion claim. And for an example, Judge, I'll put out, they have the option of pursuing debtor under 523A4 where the issues there are larceny or embezzlement where there is absolutely intent involved there. They chose not to and they should be bound by that just as plaintiffs are in all cases. They can only go forward with what they brought and so they are stuck here with this conversion, essentially conversion claim, which is what the bankruptcy court and district court likened his actions to and so if that's what they hang their hat on, you can't get to willful conduct under 523A6 without an intent to cause harm because, again, the controlling law on that issue is Missouri law and there's just no intent and I'll end with the real risk here is if this is impermissibly expanded to include intentional torts where there's no scienter or intent to cause injury, it's an impermissible expansion and you're going against, again, the mandate in the bankruptcy code that exceptions from discharge under 523A6 should be narrowly construed in a debtor's favor and, moreover, it undermines a bankruptcy debtor's right to receive a fresh start and with that I'll conclude. Thank you. Thank you, Mr. Wambo. Thank you also, Mr. Sternberg. The court appreciates both councils' participation in this forum this morning. We are pressing on with virtual hearings and so far so good so we appreciate you for participating and enabling us to get our work done. We appreciate the briefing.